**SHELL OIL COMPANY, Plaintiff,**

v.

**M/V ITANAGE, her equipment, tackle and appurtenances, in rem, Lloyd Brasileiro, as owner of the M/V Itanage, and Captain Henry A. Steele, Defendants.**

No. 91–650–Civ–J–20.

United States District Court,
M.D. Florida.
Jacksonville Division.

Feb. 23, 1993.

Almer W. Beale, II, Jacksonville, FL, for plaintiff.

James J. Taylor, Jr., Jacksonville, FL, for defendants M/V Itanage and Lloyd Brasileiro.

Robert E. Warren, Jacksonville, FL, for defendant Captain Henry A. Steele.

## ORDER

SCHLESINGER, District Judge.

On February 12, 1993, the Court heard oral argument on the following two issues relating to several of the pending motions in this matter: (1) whether under the Foreign Sovereign Immunities Act ("the FSIA" or "the Act") an in rem cause of action can exist against the M/V ITANAGE and (2) whether Plaintiff complied with the Act's requirements for service of process.

The pending motions to which these issues relate are: Plaintiff's Motion to Extend Time in Which to Serve Process (Doc. No. 82, filed October 27, 1992); Defendant Lloyd Brasileiro's Motion to Dismiss for Failure to Serve Process (Doc. No. 89, filed November 3, 1992); Defendant Lloyd Brasileiro's Motion for Summary Final Judgment (Doc. No. 90, filed November 3, 1992); Plaintiff's Motion to Determine Compliance with Service of Process (Doc. No. 93, filed November 6, 1992); and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 104, filed November 20, 1992).

The Court at the outset notes that the FSIA is a particularly enigmatic legislative creation, called by one court "remarkably obtuse" and a "statutory labyrinth that, owing to the numerous interpretive questions engendered by its bizarre provisions, has during its brief lifetime been a financial boon for the private bar but a constant bane of the federal judiciary." *Gibbons v. Udaras na Gaeltachta*, 549 F.Supp. 1094, 1105, 1106 (S.D.N.Y.1982), *quoted in Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1107 (5th Cir.1985). While the pleadings in the instant case are unusually extensive, counsel nonetheless are to be commended for their diligent attempts, whether successful or not, to lead the Court through this statutory morass.

■ The FSIA was enacted by Congress in 1976 for the primary purpose of codifying the "restrictive theory" of sovereign immunity. Essentially, under the Act a foreign sovereign's immunity is limited, or "restricted," to official acts of state, but a foreign sovereign is amenable to suit for its purely commercial activities. While the majority of FSIA litigation has involved questions of jurisdiction under the commercial activities exception to immunity, the dispute at bar deals with a more narrow issue, namely: can an in rem action exist against the instant vessel under the Act and its recent Amendments?

### (1) The In Rem Issue

In relevant part, the amended version of the Act provides:

(c) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained.... Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

28 U.S.C. § 1605(c) (1988). Defendant, however, also relies on the House Report submitted with the amending legislation, which reads, in relevant part:

H.R. 1149 [the 1988 Amendment to FSIA] would substitute the award of damages for losses resulting from the wrongful arrest of a vessel owned by a foreign state, instead of barring the entire claim, and would allow the claim to proceed under in personam jurisdiction, pursuant to the F.S.I.A. H.R. 1149 makes it clear that a case brought under section 1605(b) to enforce a maritime lien will proceed under the established maritime law principles of in rem suits, even though it is a suit in personam.

H.R.Rep. 823, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 4511, 4512.

■ If the language of a statute is clear, that language must be given effect, and a federal court is not "free to replace it with unenacted legislative intent." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 452, 453, 107 S.Ct. 1207, 1223, 1224, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring in the judgment). While the Court concurs with the findings of predecessor courts that the FSIA is at times a

rather murky creature, the Court finds that there is no ambiguity in those portions of the FSIA in issue in the instant dispute. Notwithstanding that part of the legislative history which might indicate to the contrary, the Court finds that the language contained within the Act's amended version makes clear that an in rem action can be maintained.[1] Accordingly, Plaintiff's cause of action against the M/V ITANAGE in rem may proceed.

**(2) Service of Process under the FSIA**

The Act provides that a foreign state shall not be immune from suits in admiralty brought to enforce a maritime lien against a vessel or cargo of that foreign state, provided that:

(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; ... and

(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days ... of the delivery of notice as provided in paragraph (1) of this subsection....

28 U.S.C. § 1605(b)(1), (2) (1988). Section 1608 provides, in relevant part:

(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a manag-

ing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; ....

28 U.S.C. § 1608(b)(1), (2) (1988).

Plaintiff asserts that it has validly served Defendant Lloyd Brasileiro ("LB"), and that even if it has not, that LB has been on sufficient "notice" of this lawsuit since its commencement so as essentially to render immaterial the dispute over compliance with the FSIA requirements. Specifically, it is Plaintiff's contention the letter of undertaking issued after the allision represents a "special arrangement," within the meaning section 1608(b)(1), under which counsel for LB is amenable to service on behalf of its client. In the alternative, Plaintiff claims that counsel for LB represented to counsel for Plaintiff that he, counsel for LB, was authorized to receive service of process under section 1608(b)(2).

Defendant LB essentially asserts that strict compliance with the FSIA's service of process requirements is mandated, and denies that its counsel was ever an "authorized agent," within the meaning of section 1608, to accept service on behalf of its client.

While the Eleventh Circuit has held that whether actual notice of a lawsuit has been received is a relevant factor in resolving FSIA disputes such as that presently before the Court, the court of appeals also made it clear that there is "no excuse to depart from the dictates of the statute." *Harris Corp. v. National Iranian Radio, etc.*, 691 F.2d 1344, 1352 (11th Cir.1982) (service sufficient where actual notice received by uncooperative defendant and plaintiff diligently attempted, unsuccessfully, to follow FSIA requirements).

---

1. It is unfortunate that even after action is taken to amend a statute, significant interpretive disputes continue to exist. This may be of some service to the private bar, as the *Callejo* court observed, and also to that portion of legal academia which has thoughtfully—and exhaustively—taken up the cause of statutory interpretation. It is not the province of this Court, however, to produce legislation providing the utmost clarity or satisfaction to its litigants. Chief Justice

Rehnquist's perception of this problem is most pertinent:

"The remedy for any dissatisfaction with the results in particular cases lies with Congress and not with this Court. Congress may amend the statute; we may not."
*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973 (1982).

The Court finds that the letter of undertaking does not represent a "special arrangement" by which counsel for LB became amenable to service of process on behalf of its client. Additionally, whether counsel for LB otherwise held itself out to counsel for Plaintiff to be LB's authorized agent for service of process cannot properly be resolved by the Court, as it would require delving into written correspondence, phone calls and other inter-counsel communication, only a portion of which is even in the record itself.

Accordingly, the Court finds that service of process upon Defendant LB was insufficiently made. The interests of justice at this late date, however, will not be enhanced by a dismissal of Plaintiff's Complaint. Instead, Plaintiff shall within thirty (30) days of entry of this Order serve Defendant LB with a copy of the summons and complaint pursuant to the clear instructions provided by section 1608. Plaintiff shall then file with the Clerk of the Middle District of Florida proof that said service has been perfected.

In summary, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Extend Time in Which to Serve Process (Doc. No. 82) is **GRANTED** to the extent that Plaintiff is given thirty (30) days from the entry of this Order within which to perfect service of process under a method consistent with the FSIA's requirements for service of process.

2. Defendant Lloyd Brasileiro's Motion to Dismiss for Failure to Serve Process (Doc. No. 89) is **DENIED.**

3. Defendant Lloyd Brasileiro's Motion for Summary Final Judgment (Doc. No. 90) is **DENIED.**

4. Plaintiff's Motion to Determine Compliance with Service of Process (Doc. No. 93) is **MOOTED** in light of the Court's discussion and directive within this Order.

5. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 104) is **DENIED.**

DONE AND ORDERED.